OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


May 5, 1999

The Honorable Jack Skeen, Jr.
Smith County Criminal District Attorney
100 North Broadway, Room 304
Tyler, Texas 75702

Opinion No. JC-0044

Re: Whether, under the Texas Code of Criminal Procedure article 11.07, section 3(b), the prosecuting attorney and court clerk may agree to substitute another method of service for service by certified mail, return receipt requested (RQ-1227)

Dear Mr. Skeen:

You question whether, under Texas Code of Criminal Procedure article 11.07, section 3(b), a prosecuting attorney may waive service by certified mail, return receipt requested, of an application for writ of habeas corpus if the prosecutor and district clerk agree that the district clerk may instead have the writ personally served on the prosecutor. We conclude article 11.07, section 3(b) requires service by certified mail, return receipt requested, but the prosecutor may waive the method of service prescribed in the statute.

Article 11.07 of the Code of Criminal Procedure establishes a procedure for a convicted, noncapital defendant to apply for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 1 (Vernon Supp. 1999). Section 3(b) directs the clerk of the court in which the defendant was convicted to notify the prosecuting attorney that an application for writ of habeas corpus has been filed:

> Whenever an application for writ of habeas corpus is filed after final conviction in a felony case, other than a case in which the death penalty is imposed, the clerk shall transfer or assign it to the court in which the conviction being challenged was obtained. . . . The clerk of that court shall . . . *send a copy of the application by certified mail, return receipt requested, to the attorney representing the state in that court,* who shall have 15 days in which it may answer the application.

*Id.* § 3(b) (emphasis added).

You advise that in your county the certified mail requirement is not cost-effective because your office and the county's district clerk office are in the same building and only two floors

apart. *See* Letter from Honorable Jack Skeen, Jr., Smith County Criminal District Attorney, and Ms. Becky Dempsey, Smith County District Clerk, to Honorable Dan Morales, Attorney General of Texas (Nov. 1, 1998) (on file with Opinion Committee). In an effort to save public money spent on postage, you and the district clerk have agreed upon another method of service: "The [C]lerk will hand deliver the applications for writs of habeas corpus directly to the Appeals Attorney for the Smith County Criminal District Attorney. The Clerk would receive a written waiver of Certified Mail Service and an acknowledgment of receipt of application." *Id.*

In our opinion, article 11.07, section 3(b) requires a court clerk to serve the prosecuting attorney by certified mail, return receipt requested.[1] The word "shall" imposes a mandatory duty. *See* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 1998); BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 502 (1987); BLACK'S LAW DICTIONARY 1233 (5th ed. 1979).

While a clerk may not unilaterally use a substitute method of service, we see no reason to conclude that a prosecutor may not waive the method of service prescribed in the statute. The prosecutor is the intended beneficiary of the service required in article 11.07, section 3(b). The legislative history of that section indicates that the legislature wanted to ensure that a prosecutor receives timely notice that an application for writ of habeas corpus has been filed in a case he or she pursued:

> [I]nmates don't have any ethical duty as would an attorney to inform the prosecutor of the filing of the petition. So the prosecutor never finds out that the . . . habeas corpus petition is filed, and here you've got the D.A. who's spent thousands of dollars and goodness knows how much manpower getting witnesses together and so forth to get a conviction [and] now the prisoner's collaterally attacking his conviction . . . but the prosecutor never finds out about it. . . . That's the first problem, which the statute solves by saying that the clerk [must] make a copy of [the application for writ of habeas corpus], [and] serve the district attorney . . . . That gives the district attorney the chance to answer if he wants to.

*Hearings on Tex. S.B. 1070 Before the Senate Comm. on Jurisprudence's Subcomm. on Criminal Matters*, 65th Leg., R.S. (Apr. 19, 1977, indicated on tape recording; Apr. 20, 1977, indicated in bound bill history) (statement of Clyde F. Dewitt, Harris County District Attorney's Office) (tape available from Texas State Library & Archives Comm'n); *see also* Act of May 26, 1977, 65th Leg., R.S., ch. 789, § 1, sec. 2(b), 1977 Tex. Gen. Laws 1974, *renumbered by* Act of May 24, 1995, 74th Leg., R.S., ch. 319, § 5, sec. 3(b), 1995 Tex. Gen. Laws 2764, 2770-2771. We see no reason why the person intended to benefit from the service requirement cannot waive service by certified mail,

---

[1] Two bills have been filed in the current legislative session that, if either is approved, will expressly permit a clerk of court to personally serve the prosecutor. *See* Tex. S.B. 577, 76th Leg., R.S. (1999); Tex. H.B. 1484, 76th Leg., R.S. (1999).

return receipt requested. *Cf. Kempner v. Galveston County*, 11 S.W. 188, 189 (Tex. 1889) (stating that statute that permits surety upon a county officer's bond to terminate his liability if surety notifies the officer is designed to protect the officer, and "we see no reason why [the officer] may not waive the notice").

## S U M M A R Y

The penultimate sentence of Texas Code of Criminal Procedure article 11.07, section 3(b), which directs a court clerk to "send a copy" of an application for writ of habeas corpus to the appropriate prosecutor "by certified mail, return receipt requested," is mandatory. The prosecutor may waive service by certified mail, return receipt requested, however.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General